1   DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
2   STEFAN PEROVICH, CASB No. 245580
stefan.perovich@kyl.com
3   KEESAL, YOUNG & LOGAN
A Professional Corporation
4   400 Oceangate
Long Beach, California  90802
5   Telephone:   (562) 436-2000
Facsimile:   (562) 436-7416
6
Attorneys for Appellee
7   DEUTSCHE BANK NATIONAL TRUST
COMPANY, as trustee of certificate-
8   holders of the WAMU MORTGAGE PASS
THROUGH CERTIFICATES SERIES
9   2005-AR6

10

11                **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13

14   In re:                                             )   Case No. 15-cv-04402-EJD
                                                        )
15   ANTON ANDREW RIVERA AND                            )   Bankruptcy Case: 12-49073; 14-54193
     DENISE ANN RIVERA,                                 )
16                                                      )   **OPPOSITION TO DEBTORS'**
                                        Appellants,     )   **EMERGENCY MOTION FOR STAY**
17                                                      )   **PENDING APPEAL**
                        vs.                             )
18                                                      )
     DEUTSCHE BANK NATIONAL TRUST                       )
19   COMPANY, AS TRUSTEE OF                             )
     CERTIFICATE-HOLDERS OF THE                         )
20   WAMU MORTGAGE PASS THROUGH                         )
     CERTIFICATES SERIES 2005-AR6,                      )
21                                                      )
                                        Appellee.       )
22                                                      )

23

24   ///

25

26

27

28   ///

                                                        KYL_LB1873123.v2

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ..................................................................................................3

III. ARGUMENT .....................................................................................................4

    A.    DEBTORS' MOTION FOR STAY PENDING APPEAL IS
           PROCEDURALLY DEFICIENT. ....................................................4

    B.    DEBTORS' OWN LACK OF DILIGENCE IN SEEKING A
           CONTINUATION OF THE AUTOMATIC STAY DOES
           NOT JUSTIFY THEIR EMERGENCY MOTION. ...................................6

    C.    DEBTORS FAIL TO DEMONSTRATE A LIKELIHOOD OF
           SUCCESS ON APPEAL...................................................................6

         1.    Debtors fail to establish a likelihood of success on
               appeal with regard to their objection to Deutsche
               Bank's proof of claim..................................................8

              a.    The Debtors Are Seeking Relief from the Wrong
                     Court......................................................8

              b.    Even if a Stay of the Claim Objection Order
                     Were Properly Before this Court, Debtors'
                    Request Must Fail. ......................................9

         2.    Debtors fail to establish a likelihood of success on
               appeal with regard to the dismissal of their Chapter 13
               bankruptcy case. ........................................................10

    D.    DEBTORS FAIL TO ESTABLISH THAT THE
           BALANCING OF THE HARDSHIPS FAVORS A
           CONTINUATION OF THE STAY, OR THAT THE PUBLIC
           INTEREST FAVORS THEIR POSITION. ...............................12

    E.    ANY CONTINUATION OF THE AUTOMATIC STAY
           SHOULD BE CONDITIONED ON DEBTORS POSTING A
           BOND AND MAKING THEIR POST-PETITION
           MORTGAGE PAYMENTS AS ORDERED BY THE
           BANKRUPTCY COURT. ......................................................13

IV. CONCLUSION ................................................................................................14

i

1

2

## TABLE OF AUTHORITIES

3

**Page(s)**

4

## FEDERAL CASES

5

*Advanced Discovery, Inc. v. Diamond (In re Howrey LLP),*
6
    2014 U.S. Dist. LEXIS 95580 (N.D. Cal. July 14, 2014) ......................................4, 7

7

*Baker v. Peake (In re Fernandez),*
    2011 U.S. Dist. LEXIS 40368 (S.D. Tex. Apr. 13, 2011)........................................11
8

*In re Charles & Lillian Brown's Hotel, Inc.,*
9
    93 Bankr. 49, 53 (Bankr. S.D.N.Y. 1988) ...............................................................7

10

*Coto v. Dresser Indus.,*
11
    749 F.2d 380 (7th Cir. 1984) (Posner, J.) ...............................................................13

12

*In re Kenny G. Enters. LLC,*
13
    2014 U.S. Dist. LEXIS 63318 ...............................................................................7, 9

14

*Nken v. Holder,*
15
    556 U.S. 418 (2009) ..................................................................................................6

16

*Perez v. Peake,*
17
    373 B.R. 468 (S.D. Tex. 2007) ..............................................................................11

18

*Revel AC, Inc. v. IDEA Boardwalk LLC,*
19
    2015 U.S. App. LEXIS 17192 (3d Cir. N.J. Sept. 30, 2015).....................................7

20

*Salyer v. SK Foods, L.P. (In re SK Foods, L.P.),*
    2012 U.S. Dist. LEXIS 12018 (E.D. Cal. Jan. 31, 2012) ..........................................9
21

*In re St. Johnsbury Trucking Company, Inc.,*
22
    185 Bankr. 687, 688 (S.D.N.Y. 1995) ....................................................................7

23

*Thomas v. Goodman (In re Thomas),*
24
    2011 U.S. Dist. LEXIS 107552 (N.D. Ga. Sept. 21, 2011).....................................11

25

*In re Weston,*
26
    110 B.R. 452 (E.D. Cal. 1989).................................................................................8

27

28

KYL_LB1873123.v2

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

## STATE CASES

*Gomes v. Countrywide Home Loans, Inc.*,
    192 Cal. App. 4th 1149 (2011) .................................................................................12

*Robinson v. Countrywide Home Loans, Inc.*,
    199 Cal. App. 4th 42, 45 (2011) ...............................................................................12

## FEDERAL STATUTES AND RULES

11 U.S.C.
    § 105(a) ......................................................................................................................11
    § 1332(b)(2) ...............................................................................................................11

Fed. R. Bankr. Proc.
    Rule 8005 ...............................................................................................................4, 5
    Rule 8007 ........................................................................................................*passim*
    Rule 8007(a)(1) .....................................................................................................4, 5
    Rule 8007(b)(1) .........................................................................................................8
    Rule 8007(b)(2) .........................................................................................................4
    Rule 8007(b)(2)(A) ...................................................................................................5
    Rule 8007(b)(3) .........................................................................................................7
    Rule 8007(b)(4) .........................................................................................................6
    Rule 8007(c) ........................................................................................................2, 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KYL_LB1873123.v2

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case No. 15-cv-04402-EJD

Appellee DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF CERTIFICATE-HOLDERS OF THE WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-AR6 ("Deutsche Bank") hereby submits the following Opposition to Appellants ANTON ANDREW RIVERA AND DENISE ANN RIVERA's ("Debtors") Request for Stay Pending Appeal ("Request").

## I.

## **INTRODUCTION**

Months after the Debtors' Chapter 13 bankruptcy case was dismissed for failure to comply with the Bankruptcy Court's order to make monthly post-petition mortgage payments, and on the eve of the nonjudicial foreclosure sale, Debtors Request the automatic stay be re-imposed during the pendency of the appeal of the Bankruptcy Court's dismissal order.  The Debtors acknowledge the sole purpose of the Request— is to enjoin the sale.  What they fail to acknowledge is that their bankruptcy case was dismissed because the Chapter 13 trustee moved the court to dismiss the case because the Debtors could not confirm a Chapter 13 plan, despite the fact that their petition was filed three years ago, in 2012.  The Debtors also refuse to acknowledge that they stopped making payments on their mortgage loan after December 2009, and they fail to appreciate that the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") confirm-ed that the Debtors cannot directly challenge Deutsche Bank's right to foreclose.

In fact, there was no proceeding before the Bankruptcy Court that sought to or could have determined Deutsche Bank's right to proceed with non-judicial foreclosure—Debtors' adversary proceeding and objection to Deutsche Bank's claim were *only* relevant to whether Deutsche Bank could assert a claim against Debtors' estate, and in what amount.  Debtors' attempt through this Request to forestall Deutsche Bank's legitimate right to proceed with non-judicial foreclosure against the property should be rejected and their Request should be denied.

Additionally, Debtors' Request is procedurally deficient.  Rule 8007 of the Federal Rules of Bankruptcy Procedure requires that Debtors first seek a stay from the

- 1 -                         KYL_LB1873123.v2

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case No. 15-cv-04402-EJD

1   Bankruptcy Court.  Despite the fact that their case was dismissed nearly three months

2   ago on August 14, 2015, Debtors made no attempt to request a continuation of the

3   automatic stay pending appeal from the Bankruptcy Court.  Debtors' assertions to the

4   contrary are misleading.  Moreover, Rule 8007 requires that a party seeking a stay

5   pending appeal provide the opposing party with reasonable notice.  Instead, Debtors

6   filed an "emergency" request.  Debtors fail to even attempt to justify their failure to

7   comply with Rule 8007's requirements to seek relief first from the Bankruptcy Court

8   and to provide the opposing party with reasonable notice.  Debtors cannot rely on their

9   own lack of diligence to excuse their delay.

10          Moreover, in order to obtain a stay pending appeal, Debtors must provide

11  *evidence* establishing a likelihood of success in reversing the dismissal of their Chapter

12  13 case on appeal.  Debtors fail to provide any evidence or citations to the record to

13  establish that they have any likelihood of prevailing on appeal.  Debtors' slew of unsup-

14  ported assertions must be disregarded.  The Bankruptcy Court dismissed Debtors'

15  Chapter 13 because they failed to comply with the Bankruptcy Court's order to con-

16  tinue making monthly post-petition mortgage payments, and they failed to even propose

17  a confirmable plan.  Debtors failed to comply with the court's order, and their case was

18  properly dismissed.  Debtors fail to make a showing that the Bankruptcy Court erred in

19  dismissing their case, and their request for a stay pending appeal should be denied.

20          Finally, to the extent that the Court is inclined to even consider Debtors'

21  request for a stay pending appeal, Deutsche Bank requests that, in accordance with Rule

22  8007(c), Debtors be required to post a bond with the Bankruptcy Court.  Deutsche Bank

23  requests that any continuation of the stay be conditioned on Debtors posting a bond in

24  the amount of **$55,000.00** based on the outstanding arrearages on Debtors' Loan, which

25  are at least $106,272.10, minus the distribution of approximately $45,000 in payments

26  by the Trustee.  Deutsche Bank further requests that any continuation of the automatic

27  stay be conditioned on Debtors making monthly mortgage payments in the amount of

28  **$2,670.00**, which is the amount that they were ordered to pay by the Bankruptcy Court.

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

## II.

## BACKGROUND

On or about November 16, 2004, Debtors obtained a loan (the "Loan") which was memorialized in a Note and Deed of Trust encumbering the property that is the subject of this dispute (the "Subject Property"). (Request, at 1.) Debtors admittedly stopped making payments on the Loan after December 2009. (Declaration of Joshua Norton ("Norton Decl."), Exh. A, at 205.) On December 7, 2012, Debtors filed for protection under Chapter 13 of the Bankruptcy Code. (Case No. 14-bk-54193, Docket #1.) On January 22, 2013, Deutsche Bank filed its Proof of Claim in Debtors' bankruptcy, asserting a secured claim in the amount of $532,272.10 and arrearages in the amount of $106,389.03. (Claims Register, POC 2-1.)

On January 9, 2013, Debtors initiated an adversary proceeding against Deutsche Bank by filing a Complaint alleging that, inter alia, Deutsche Bank was not the true creditor with standing to enforce the Note and Deed of Trust. (Docket #16.)

On February 28, 2013, Debtors filed their Objection to Deutsche Bank's Proof of Claim. (Docket #32.)

On December 10, 2013, the Bankruptcy Court granted Deutsche Bank's motion to dismiss Debtors' Second Amended Complaint in the adversary proceeding as to all causes of action with prejudice. (Adversary Case No. 13-ap-04008, Docket #91.) Debtor subsequently appealed to the BAP. On November 24, 2014, the BAP issued a Memorandum Decision affirming in part and reversing in part the Bankruptcy Court's order dismissing Debtors' adversary proceeding. (Request, Exh. 1.) In doing so, the BAP held that Debtors could not challenge Deutsche Bank's right to proceed with nonjudicial foreclosure against the Subject Property, and that their allegation that Deutsche Bank was not the party with standing to enforce the Note and Deed of Trust was only relevant with regard to Deutsche Bank's right to assert a claim against their bankruptcy estate. (Request, Exh. 1, at 20-22.)

///

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case No. 15-cv-04402-EJD

The Bankruptcy Court set a February 25, 2015 evidentiary hearing on Debtors' Claim Objection.  (Case No. 14-bk-54193, Docket #154 Audio File of Proof of Claim hearing; and Order, Docket #157 at 1.)  After the evidentiary hearing, on March 30, 2015, the Bankruptcy Court issued the Order Establishing Claim Amount (Docket #157) and the Memorandum Decision Re: Objection to Proof of Claim (Docket #158) that established the amount of Deutsche Bank's claim.  On April 13, 2015, Debtors filed their Notice of Appeal of the March 30, 2015 Order and Decision.  (Docket #159.)  That appeal is currently pending before the BAP.  On August 14, 2015, the Bankruptcy Court dismissed Debtors' Chapter 13 case for Debtors' failure to make post-petition payments, thereby terminating the bankruptcy estate.  (Docket #187.)  Debtors' appeal of the dismissal of their Chapter 13 case is currently pending before this Court.

## III.

## ARGUMENT

### A.   DEBTORS' MOTION FOR STAY PENDING APPEAL IS PROCEDURALLY DEFICIENT.

Rule 8007 provides that a party may request that the Bankruptcy Court continue the automatic stay pending appeal.[1]  The party must seek such relief from the Bankruptcy Court.  Fed. R. Bankr. Proc. 8007(a)(1).  The Bankruptcy Court's order granting or denying the request is reviewed for abuse of discretion.  *Advanced Discovery, Inc. v. Diamond (In re Howrey LLP)*, 2014 U.S. Dist. LEXIS 95580, at \*6 (N.D. Cal. July 14, 2014).  If the motion is made first in the District Court, the motion must "show that moving first in the bankruptcy court would be impracticable."  Fed. R.

---

[1] Debtors' reliance on Federal Rule of Bankruptcy Procedure 8005 to request a continuation of the automatic stay is misplaced.  Rule 8005 governs elections to have an appeal heard by the District Court instead of the BAP.  There is no provision in Rule 8005 pertaining to motions to continue the automatic stay pending appeal.  Even giving Debtors the benefit of a doubt that they meant to cite Rule 8007, their motion should still be denied as procedurally improper.

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case No. 15-cv-04402-EJD

1   Bankr. Proc. 8007(b)(2).

2       Debtors contend that Rule 8007 (which they erroneously cite as Rule
3   8005) provides for "application to the district court or bankruptcy appellate panel for a
4   stay pending appeal if such relief is not obtained from the bankruptcy judge." (Request,
5   at 5.)  Debtors fail to mention, however, that they did not even attempt to file a motion
6   with the Bankruptcy Court to request that the automatic stay be continued pending their
7   appeal.  Because Debtors failed to comply with Rule 8007(a)(1), they cannot pursue the
8   instant Motion before this Court without showing that seeking relief from the
9   Bankruptcy Court would have been impracticable, which they utterly fail to do.  Fed. R.
10  Bankr. Proc. 8007(b)(2)(A).   For this reason alone, the Request should be denied.

11      The Debtors cannot, in good faith, argue that they complied with Rule
12  8007.  They attempt to assert that they "timely filed an appeal and requested a stay, but
13  the Chapter 13 was dismissed along with the request for stay . . . . The Bankruptcy
14  Court's only response to the Motion for Stay was the dismissal." (Request, at 1.)
15  However, the Debtors' August 13, 2015 motion merely requested that the Bankruptcy
16  Court stay its March 30, 2015 order establishing Deutsche Bank's claim and the
17  Trustee's motion to dismiss.  (Docket #184.)  Nowhere in that motion did Debtors
18  request that the automatic stay be continued pending the appeal of the dismissal of their
19  case.  Indeed, when Debtors filed their August 13, 2015 motion, the Chapter 13 case
20  had not yet been dismissed.  Because the Debtors never requested a continuation of the
21  automatic stay from the Bankruptcy Court, the Request should be denied.[2]

22      Debtors may also contend on reply (though they did not in the Request)
23  that it would be impracticable to seek a stay from the Bankruptcy Court because the

24  _____
25  [2] Debtors' statement that their August 13, 2015 motion went "largely ignored" is also
    misleading.  Debtors filed their motion the morning of August 13, 2015, the same day
26  as the hearing on the Trustee's motion to dismiss their case, despite the fact that they
    were seeking to stay an order that had been entered nearly four months earlier.  After
27  the Bankruptcy Court granted the Trustee's motion to dismiss, the Bankruptcy Court
28  had no reason to consider Debtors' dilatory motion.

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

1  foreclosure is scheduled for November 12, 2015.  (Request, Exh. 2.)  What Debtors fail

2  to even acknowledge, however, is that their Chapter 13 was dismissed months ago on

3  August 14, 2015, and Debtors even indicated that they were planning to file a request

4  for a stay pending appeal on September 28, 2015.  (Declaration of Joshua Norton

5  ("Norton Declaration"), Exh. B.)  Moreover, Debtors have known about the date of the

6  foreclosure sale since at least October 15, 2015.  (Norton Declaration, Exh. C.)  In

7  short, Debtors' Request should be denied because they failed to comply with Rule

8  8007's express requirements and failed to pursue the relief in a timely fashion.  The

9  Debtors cannot rely on their own lack of diligence to justify their disregard for Rule

10  8007's requirements.

11  **B.**    **DEBTORS' OWN LACK OF DILIGENCE IN SEEKING A**

12  **CONTINUATION OF THE AUTOMATIC STAY DOES NOT**

13  **JUSTIFY THEIR EMERGENCY MOTION.**

14  Rule 8007 provides that before a motion for a stay pending appeal can be

15  granted, the movant must give reasonable notice of the motion to all parties.  Fed. R.

16  Bankr. Proc. 8007(b)(4).  Instead of complying with Rule 8007's requirements, Debtors

17  filed an "emergency" Request, giving Deutsche Bank only a few short days to respond.

18  Debtors' case was dismissed following the hearing on August 13, 2015 and they have

19  had ample time to pursue their request for a continuation of the automatic stay before

20  the Bankruptcy Court through a properly noticed motion, as Rule 8007 requires.  They

21  did not do so.  Instead, they chose to delay and do not provide any justification for

22  doing so.  There are no exigent circumstances to justify an emergency motion before

23  this Court that are not of Debtors' own creation.  Debtors' lack of diligence cannot

24  justify their failure to seek relief from the Bankruptcy Court, and it cannot justify an

25  emergency motion.  Debtors' Request should be denied.

26  **C.**    **DEBTORS FAIL TO DEMONSTRATE A LIKELIHOOD OF**

27  **SUCCESS ON APPEAL.**

28  A stay pending appeal is not a matter of right, even if irreparable injury

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

1    might otherwise result.  *Nken v. Holder*, 556 U.S. 418, 433 (2009).  In deciding whether

2    to issue a discretionary stay pending a bankruptcy appeal, courts consider four factors:

3    (1) the movant's likelihood of success on the merits of the appeal; (2) irreparable harm

4    to the movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4)

5    the public interest.  *In re Howrey LLP*, 2014 U.S. Dist. LEXIS 95580, at *6.  Failure to

6    satisfy even one prong of the standard for granting a stay pending appeal dooms the

7    motion.  *In re St. Johnsbury Trucking Company, Inc.*, 185 Bankr. 687, 688 (S.D.N.Y.

8    1995).  The moving party must present satisfactory *evidence* on all four criteria to

9    support his or her motion for a stay pending appeal.  *In re Charles & Lillian Brown's*

10   *Hotel, Inc.*, 93 Bankr. 49, 53 (Bankr. S.D.N.Y. 1988) (superseded on other grounds).

11   Rule 8007 requires that the motion be supported by:  (1) the reasons for granting the

12   relief requested and the facts relied upon; (2) affidavits or other sworn statements

13   supporting facts subject to dispute; and (3) relevant parts of the record.  Fed. R. Bankr.

14   Proc. 8007(b)(3).

15          The most critical factor is the movant's likelihood of success on appeal.

16   *Revel AC, Inc. v. IDEA Boardwalk LLC*, 2015 U.S. App. LEXIS 17192, at *22 (3d Cir.

17   N.J. Sept. 30, 2015).  As Judge Posner remarked, it is not enough that failure to obtain a

18   stay will be "a disaster" for the movant but only a "minor inconvenience" to the

19   opposing party, because "[e]quity jurisdiction exists only to remedy legal wrongs;

20   [thus,] without some showing of a probable right[,] there is no basis for invoking it."

21   *Id.* (quoting *Coto v. Dresser Indus.*, 749 F.2d 380, 387 (7th Cir. 1984) (Posner, J.)).

22          To show a likelihood of success on appeal, the movant must "raise

23   questions going to the merits so serious, substantial, difficult and doubtful as to make

24   them a fair ground for litigation and thus for more deliberate inquiry."  *In re Howrey*

25   *LLP*, 2014 U.S. Dist. LEXIS 95580, at *7 (citing *Cnty. of Alameda v. Weinberger*, 520

26   F.2d 344, 349 n.12 (9th Cir. 1975); *In re North Plaza, LLC*, 395 B.R. 113, 118-19 (S.D.

27   Cal. 2008)).  "Generally, the movant must establish a 'strong showing' that she is likely

28   to succeed on the merits."  *In re Kenny G. Enters. LLC*, 2014 U.S. Dist. LEXIS 63318,

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

1   at \*4-5 (C.D. Cal. May 7, 2014) (citing *Niken*, 556 U.S. at 434-35; *Leiva-Perez v.*

2   *Holder*, 640 F.3d 962, 966 (9th Cir. 2011)).

3   The automatic stay in this matter terminated upon dismissal of Debtors'

4   Chapter 13 case.  *In re Weston*, 110 B.R. 452, 456 (E.D. Cal. 1989).  Debtors' Chapter

5   13 case was dismissed because they repeatedly failed to file a confirmable plan and

6   because they failed to "continue making payments to the Chapter 13 Trustee in the

7   amount proposed by Debtors and to make post-petition mortgage payments to Deutsche

8   Bank beginning on August 1, 2015[.]"  (Docket #187, at 1.)  Thus, to show a likelihood

9   of success on appeal, Debtors must show that they are likely to succeed in showing that

10  the Bankruptcy Court erred in dismissing their case for failing to make the post-petition

11  payments they were ordered to make.

12  **1.   Debtors fail to establish a likelihood of success on appeal with**

13  **regard to their objection to Deutsche Bank's proof of claim.**

14  **a.   The Debtors Are Seeking Relief from the Wrong Court.**

15  In their attempt to show a likelihood of success on appeal, Debtors first

16  spend over two pages arguing, without citing to any evidence or support in the record,

17  that the Bankruptcy Court ruled erroneously in issuing its order establishing the amount

18  of Deutsche Bank's claim.  The appeal of this order is not before this Court—it is

19  currently on appeal before the BAP.

20  Rule 8007(b)(1) provides that a motion for a stay pending appeal "may be

21  made in the court where the appeal is pending" if the Bankruptcy Court has already

22  denied the motion or the Debtor shows that filing the motion with the Bankruptcy Court

23  would be impracticable.  However, what Debtors cannot do is request that this Court

24  continue the automatic stay on the basis that they have a likelihood of success on appeal

25  with respect to a matter that is not pending before this Court.  To the extent Debtors'

26  Request for a stay is premised upon their likelihood of success with regard to the appeal

27  of the order on the Debtors' claim objection, Debtors should have pursued the Request

28  with the Bankruptcy Court first, and then with the BAP.  Accordingly, Debtors'

1   unsupported arguments regarding their likelihood of success with regard to their appeal

2   of the order establishing Deutsche Bank's claim must be disregarded.

3          Further, Rule 8007 requires that Debtors' Request must be supported by

4   *evidence*, such as the relevant parts of the record and sworn affidavits.  None of

5   Debtors' conclusory assertions are supported by evidence or citations to the record.

6   Debtors' unsupported assertions should be disregarded.  Debtors, therefore, fail to

7   demonstrate that they will likely succeed in their appeal (before the BAP) on the issue

8   of the amount of Deutsche Bank's claim.

9          **b.      Even if a Stay of the Claim Objection Order Were**

10                  **Properly Before this Court, Debtors' Request Must Fail.**

11          Moreover, Debtors' unsupported assertions regarding their chances of

12   success on appeal are in reference to factual findings that were already decided against

13   them by the Bankruptcy Court after a full day of testimony and presentation of

14   evidence.  The Bankruptcy Court's findings as to these disputed factual issues may only

15   be set aside if clearly erroneous. *In re Kenny G. Enters. LLC*, 2014 U.S. Dist. LEXIS

16   63318, at \*4 (C.D. Cal. May 7, 2014).  Debtors fail to make any showing that the

17   Bankruptcy Court's findings were clearly erroneous.  At most, Debtors simply allege

18   their own version of the facts which the Bankruptcy Court rejected.  Debtors cannot

19   show a likelihood of success on appeal by simply arguing that the Bankruptcy Court

20   weighed the evidence differently than they would have. *Cf. Salyer v. SK Foods, L.P.*

21   *(In re SK Foods, L.P.)*, 2012 U.S. Dist. LEXIS 12018, at \*8 (E.D. Cal. Jan. 31, 2012).

22          Finally, Debtors argue that "the Bankruptcy Court erred in allowing the

23   claim in its entirety when the claim was filed by an entity that could not prove its right

24   to even file the claim."  (Request, at 10.)  Debtors, however, demanded that the

25   evidentiary hearing on their objection to Deutsche Bank's claim be limited to the issue

26   of the claim's amount, not Deutsche Bank's standing to assert the claim.  Indeed, at the

27   evidentiary hearing, Debtors declined the Bankruptcy Court's invitation to present

28   ///

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

1    evidence on this issue.[3]  (Norton Decl., Exh. A, at 12-13.)  After demanding that the

2    issue of Deutsche Bank's standing to assert the claim not be addressed at the

3    evidentiary hearing on their claim objection, Debtors cannot now complain that the

4    Bankruptcy Court erred in resolving their claim objection before determining whether

5    Deutsche Bank had standing to assert the claim.

6         **2.    Debtors fail to establish a likelihood of success on appeal with**

7              **regard to the dismissal of their Chapter 13 bankruptcy case.**

8              Debtors also attempt to demonstrate a likelihood of success on appeal by

9    arguing that the Bankruptcy Court erred in dismissing their Chapter 13 case before

10   resolving their adversary proceeding which alleged that Deutsche Bank was not their

11   true creditor.  Debtors' Chapter 13 case was dismissed because they failed to make

12   post-petition mortgage payments as ordered by the Bankruptcy Court.  The Bankruptcy

13   Court was not required to resolve Debtors' adversary proceeding before ordering that

14   Debtors make adequate payments to protect their creditors, even if Debtors disputed

15   their creditors' right to such payments.  The Bankruptcy Court was fully authorized to

16   order Debtors to make their mortgage payments pending resolution of their adversary

17   proceeding and pending confirmation of a Chapter 13 plan, and it was fully authorized

18

19   [3] Debtors argue that Deutsche Bank attempted to "ambush" them at the evidentiary
     hearing on their objection to the proof of claim by presenting evidence that Deutsche
20   Bank was the beneficiary of the Loan. (Request, at 10.)  Again, Debtors' arguments are
     misleading.  Deutsche Bank had to present evidence of the original Note because
21   Debtors argued (unsuccessfully) that their monthly payments were in violation of the
     terms of the Note.  If anyone attempted an "ambush" at the evidentiary hearing, it was
22   Debtors, when, after demanding that the issue of Deutsche Bank's standing as their
     creditor not be at issue in the hearing, they attempted to have their "expert" testify
23   regarding the chain of title, until their attempt was thwarted by the Bankruptcy Court:
     "Q  You also testified that you review chain of title and has—is that part of—
24   THE COURT:  No.  He's specifically—that, specifically, that's what is not a part of
     today's hearing, at your choice.
25   MR. FRESHMAN:  Okay.  Okay.  No problem."
     (Norton Decl., Exh. A, at 166.)
26

27

28

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

1   to dismiss Debtors' case if they failed to do so. *Thomas v. Goodman (In re Thomas)*,

2   2011 U.S. Dist. LEXIS 107552 (N.D. Ga. Sept. 21, 2011) (affirming dismissal of

3   Chapter 13 case after debtors failed to make mortgage payments, despite pending

4   adversary proceeding on issue of whether creditor was holder of debtors' note).

5          Moreover, the Bankruptcy Court was constrained by 11 U.S.C. section

6   1332(b)(2) not to interfere with Deutsche Bank's right to receive mortgage payments,

7   despite the fact that Debtors' adversary proceeding was pending. *Id*. at *4.  Indeed,

8   "Section 1322(b)(2) expressly requires that the mortgagee receive its normal monthly

9   payments." *Perez v. Peake*, 373 B.R. 468, 486 (S.D. Tex. 2007).  The Bankruptcy

10  Court ordered that Debtors continue making their monthly mortgage payments, and 11

11  U.S.C. section 105(a) provides that the Court may "issue any order 'that is necessary or

12  appropriate to carry out the provisions of this title.'"  *Id.* at 487 (quoting 11 U.S.C. §

13  105(a)).  Such pre-confirmation mortgage payments are synonymous with adequate

14  protection, and it is fully within the Bankruptcy Court's power to dismiss a Chapter 13

15  case where a debtor fails to make such payments. *Baker v. Peake (In re Fernandez)*,

16  2011 U.S. Dist. LEXIS 40368, at *26-27 (S.D. Tex. Apr. 13, 2011); *In re Thomas*, 2011

17  U.S. Dist. LEXIS 107552, at *4.

18          Debtors contend that the Bankruptcy Court erred in requiring them to

19  continue making their mortgage payments before resolving their adversary proceeding.

20  To the contrary, section 1332(b)(2) required just that.  If Debtors did eventually prevail

21  in their adversary proceeding, nothing prevented the Bankruptcy Court from making the

22  appropriate order to protect Debtors' interest.  The Bankruptcy Court's decision to

23  order Debtors to make payments pending resolution of the adversary proceeding and

24  pending confirmation of a plan was fully in keeping with its powers under the

25  Bankruptcy Code and in compliance with section 1332(b)(2).  Debtors failed to comply

26  with the Bankruptcy Court's order, and their Chapter 13 case was properly dismissed.

27          Debtors' Request fails to demonstrate a likelihood of success on appeal in

28  showing that the Bankruptcy Court erred in dismissing their Chapter 13 case.  Instead,

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case
No. 15-cv-04402-EJD

1  Debtors spend several pages making unsupported assertions that are not supported by

2  any evidence.  Debtors fail to provide citations to record that they assert demonstrate

3  that the Bankruptcy Court erred in dismissing their case.  Debtors provide no evidence

4  to support their allegations regarding a purported HAMP loan modification application,

5  or to support any of their factual assertions whatsoever.  Debtors' unsupported

6  allegations should be disregard.  Debtors make no showing that they have a likelihood

7  of prevailing on appeal, and their Request for a continuation of the automatic stay

8  pending appeal should be denied.

9  **D.     DEBTORS FAIL TO ESTABLISH THAT THE BALANCING OF**

10  **THE HARDSHIPS FAVORS A CONTINUATION OF THE STAY,**

11  **OR THAT THE PUBLIC INTEREST FAVORS THEIR POSITION.**

12           Debtors attempt to argue that the balancing of the hardships and the public

13  interest favors their Request.  To the contrary, Debtors' Request is simply a

14  continuation of their years' long attempts to forestall Deutsche Bank's ability to

15  rightfully foreclose on the Property.  Debtors admittedly stopped making loan payments

16  after December 2009.  (Norton Decl., Exh. A, at 205.)  The Bankruptcy Court

17  determined after a full day of testimony and evidence that Debtors' Note authorized the

18  payments Debtors were required to make and that Deutsche Bank's claim was accurate

19  regarding the debt owed.  (Docket #158.)  Debtors defaulted on the Loan and even

20  admitted that they were to blame for doing so.  (Norton Decl., Exh. A, at 197-198.)

21  Debtors' allegations in their adversary proceeding which assert that Deutsche Bank is

22  not the "true" creditor are completely irrelevant to Deutsche Bank's ability to proceed

23  with foreclosure—the law is clear in California that there is no preemptive legal action

24  to challenge a creditor's authority to foreclose.  *Robinson v. Countrywide Home Loans,*

25  *Inc.*, 199 Cal. App. 4th 42, 45 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192

26  Cal. App. 4th 1149 (2011).

27           Indeed, the BAP, in its decision remanding the dismissal of Debtors'

28  adversary proceeding, confirmed that Debtors "cannot pursue their first claim for relief

- 12 -                                KYL_LB1873123.v2

1    for purposes of directly challenging [Deutsche Bank's] pending nonjudicial foreclosure

2    proceedings[.]" (Request, Exh. 1, at 20.)  With regard to the issue of Deutsche Bank's

3    authority to enforce the Note and Deed of Trust, the BAP affirmed the dismissal of

4    Debtors' claims in the adversary proceeding except as to the issue of whether Deutsche

5    Bank could demonstrate standing under the Bankruptcy Code to assert a claim against

6    their estate. (*Id.*)  The Bankruptcy Court's dismissal of Debtors' claim for cancellation

7    of the notice of default and notice of sale was affirmed by the BAP because Debtors

8    admittedly defaulted on the Loan and Debtors lacked standing to challenge Deutsche

9    Bank's right to foreclose under California law.  (Request, Exh. 1, at 20-22.)

10           Debtors admit that they are pursing this Request for a Stay Pending Appeal

11   for the sole purpose of "enjoining Deutsche and its agents from taking any acts to

12   foreclose on the Rivera's [sic] property pending resolution of this appeal." (Request, at

13   1.)  Debtors, however, have failed to comply with their obligations under the Loan and

14   they have prevented Deutsche Bank from enforcing its rights for years.  Debtors'

15   Request for a Stay Pending Appeal is merely the latest chapter in Debtors' meritless

16   attempt to prevent Deutsche Bank from exercising its legitimate rights against the

17   Property under California law.  As Judge Posner aptly stated, regardless of whether

18   failure to obtain a stay would be a disaster for the movant, equity jurisdiction "exists

19   only to remedy legal wrongs." *Coto*, 749 F.2d at 387.  Debtors fail to establish that the

20   balancing of the hardships or public policy favors their continued efforts to forestall the

21   legitimate rights of Deutsche Bank to enforce its security interest against the property.

22   Debtors' Request for a Stay Pending Appeal should be denied.

23   **E.    ANY CONTINUATION OF THE AUTOMATIC STAY SHOULD BE**

24          **CONDITIONED ON DEBTORS POSTING A BOND AND MAKING**

25          **THEIR POST-PETITION MORTGAGE PAYMENTS AS**

26          **ORDERED BY THE BANKRUPTCY COURT.**

27           Rule 8007 provides that a stay pending appeal may be conditioned upon

28   the filing of a bond or other appropriate security with the Bankruptcy Court.  Fed. R.

- 13 -                                    KYL_LB1873123.v2

1  Bankr. Proc. 8007(c).  Should the Court grant Debtors' Request despite their

2  unexplained and unjustified failure to comply with Rule 8007's requirements, Deutsche

3  Bank requests that any continuation of the stay be conditioned on Debtors posting a

4  bond in the amount of **$55,000.00** based on the outstanding arrearages on Debtors'

5  Loan, which are at least $106,272.10, minus the distribution of approximately $45,000

6  in payments by the Trustee.  (Docket #161; Claim #2; Request, at 11.)  Deutsche Bank

7  further requests that any continuation of the automatic stay be conditioned on Debtors

8  making all monthly mortgage payments in the amount of **$2,670.00**, which is the

9  amount that they were ordered to pay by the Bankruptcy Court.  (Docket #177.)

10  **IV.**

11  **CONCLUSION**

12  For the foregoing reasons, Deutsche Bank respectfully requests that

13  Debtors' Request for a Stay Pending Appeal be denied.  In the alternative, Deutsche

14  Bank requests that any stay be conditioned upon Debtors posting a bond in the amount

15  of at least $55,000.00 and continuing to make their monthly mortgage payments in the

16  amount of $2,670.00.

17

18

19  DATED:  November 2, 2015

20  /s/ David D. Piper_____
    DAVID D. PIPER
    STEFAN PEROVICH
21  KEESAL, YOUNG & LOGAN
    Attorneys for Appellee
22  DEUTSCHE BANK NATIONAL TRUST
    COMPANY, as trustee of certificate-
23  holders of the WAMU MORTGAGE
    PASS THROUGH CERTIFICATES
24  SERIES 2005-AR6

25

26

27

28

OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL - Case No. 15-cv-04402-EJD

Case Name:  *Anton Andrew Rivera and Denise Ann Rivera v. Deutsche Bank National Trust Company, etc., et al.*
Case No.:       USDC Northern District Case No. 15-CV-04402
KYL File No.: 7365-1231

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, Long Beach, California 90802.

  On November 2, 2015, I served the foregoing documents described as **OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR STAY PENDING APPEAL** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ronald F. Freshman
Law Offices of Ronald H. Freshman
3040 Skycrest Drive
Fallbrook, California 92028
Telephone: (858) 756-8288
*Attorney for Appellants*

  ☑  BY CM/ECF:  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

  Executed on November 2, 2015 at Long Beach, California.

  I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
BLAKE BROUTTIER

- 1 -

KYL_LB1761711

Proof of Service