1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8
9
10
11
12
13

IN RE

ANTON A. RIVERA AND DENISE A. RIVERA,

Debtors/Appellants.

Case No.  5:15-cv-04402-EJD

**ORDER DENYING APPELLANTS' MOTION TO STAY PENDING APPEAL**

Re: Dkt. No. 3

14       Appellants Anton A. Rivera and Denise A. Rivera ("Appellants") appeal from a

15  bankruptcy court order dismissing their Chapter 13 case.  They now move for a stay of the

16  dismissal and a reinstatement of the automatic bankruptcy stay during the pendency of this

17  proceeding.  See Docket Item No. 3.  Claimant Deutsche Bank National Trust Company, as trustee

18  of certificate-holders of the WaMu Mortgage Pass Through Certificate Series 2005-AR6

19  ("Deutsche Bank"), the current holder of Appellant's mortgage note and deed of trust, opposes the

20  motion.  Deutsche Bank has scheduled a trustee sale for November 12, 2015.

21       Jurisdiction in this court arises pursuant to 28 U.S.C. § 158.  Having carefully considered

22  this matter, the court concludes this motion is procedurally and substantively insufficient.  It will

23  therefore be denied for the reasons explained below.

24  **I.    FACTUAL AND PROCEDURAL BACKGROUND**

25       Appellants filed for protection under Chapter 13 of the Bankruptcy Code on December 7,

26  2013.  Deutsche Bank filed a Proof of Claim in Appellants' bankruptcy on January 22, 2013, as

27  the current noteholder of Appellants' mortgage.  In the Proof of Claim, Deutsche Bank asserted a

28

United States District Court
Northern District of California

1

Case No.: 5:15-cv-04402-EJD
ORDER DENYING APPELLANTS' MOTION TO STAY PENDING APPEAL

secured claim in the amount of $532,272.10 and arrearages in the amount of $106,389.03.

Appellants, for their part, initiated an adversary proceeding against Deutsche Bank challenging its standing to file a Proof of Claim and to enforce the note and deed of trust. Appellants also filed an objection to Deutsche Bank's Proof of Claim. The bankruptcy court eventually dismissed Appellants' adversary proceeding with prejudice. The Bankruptcy Appellate Panel ("BAP") reversed the dismissal in part on November 24, 2014, and remanded the case to the bankruptcy court for further proceedings.[1] Importantly, however, the BAP affirmed the dismissal of claims challenging Deutsche Bank's right to proceed with a non-judicial foreclosure sale against Appellants' property based on the note and deed of trust, returning to the bankruptcy court only those claims related to Deutsche Bank's standing to file a claim in Appellants' bankruptcy.

On February 25, 2015, the bankruptcy court held an evidentiary hearing on Appellants' objection to Deutsche Bank's claim. Thereafter, the court filed an order on March 30, 2015, allowing the claim and establishing the amount owed. Appellants appealed from that order to the BAP. That appeal remains pending.

On August 13, 2015, the bankruptcy court held a hearing on the Trustee's motion to dismiss the Appellants' Chapter 13 case and filed a written order granting the motion the next day. Appellants appealed from that order, which was transferred to this court by the BAP on September 24, 2015. This motion followed on October 29, 2015.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Bankruptcy Procedure 8007(b), a motion for stay pending appeal may be made to the district court sitting in review. The district court applies the same standard as would the court of appeals. See In re Crystal Props. Ltd., L.P., 268 F.3d 743, 755 (9th Cir. 2001) (noting that the district court functions as an appellate court in reviewing a bankruptcy court's decision).

The legal principles relevant to a stay motion "have been distilled into consideration of

---

[1] See In re Rivera, No. NC-13-1615-KuPaJu, 2014 Bankr. LEXIS 4842, 2014 WL 6675693 (B.A.P. 9th Cir. Nov. 24, 2014).

four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

"The first two factors . . . are the most critical." Id. However, a failure on any one factor "dooms the motion." In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006) (quoting In re Deep, 288 B.R. 27, 30 (N.D.N.Y. 2003)). Moreover, because a stay pending appeal is an extraordinary remedy, the court must examine the factors with obligatory restraint. See In re Smith, 397 B.R. 134, 136 (Bankr. D. Nev. 2008) (citing In re Fullmer, 323 B.R. 287, 293 (Bankr. D. Nev. 2005)).

## III.   DISCUSSION

### A.   Failure to Comply with Presentation Requirement

As a threshold matter, Deutsche Bank argues this motion is procedurally defective because Plaintiffs did not present it first to the bankruptcy court before moving for relief in the district court. In response, Plaintiffs contend the motion to stay filed on August 13, 2015, satisfies their obligation under Rule 8007(a). Under these circumstances, the court must agree with Deutsche Bank that Plaintiffs have not actually complied with Rule 8007(a).

Rule 8007 contains a presentation requirement. "Ordinarily, a party must move first in the bankruptcy court for the following relief . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If the request is instead made directly to the court where the appeal is pending, the moving party must show "that moving first in the bankruptcy court would be impracticable," or "if a motion was made in the bankruptcy court" must "state the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2).

A failure to seek emergency relief in the bankruptcy court is a critical defect and not often overlooked. "The reason for requiring that the initial application be made to the Bankruptcy Court is obvious. . . . [t]he reviewing court should have the benefit of the learning of the lower court,"

1    which is more familiar with the parties, facts and legal issues.  <u>In re MSR Resort Golf Course,</u>

2    <u>LLC</u>, No. 11-10371 (SHL), 2013 U.S. Dist. LEXIS 29065, at *4-5, 2013 WL 766166 (S.D.N.Y

3    Feb. 26, 2013); <u>In re Zahn Farms</u>, 206 B.R. 643, 645 (B.A.P. 2nd Cir. 1997) ("Having elected not

4    to present this Motion to the trial court, the Debtors have denied this Panel the benefit of the views

5    of the Judge who is familiar with the issues pertaining to any purported emergency.").  "If the

6    party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the

7    district court lacks the jurisdiction to hear the matter."  <u>In re Taub</u>, 470 B.R. 273, 276 (E.D.N.Y.

8    2012).  "Thus, district courts routinely dismiss motions for a stay pending appeal when stay relief

9    is not first sought from the bankruptcy judge and the failure to do so is not adequately explained."

10   <u>In re BGI, Inc.</u>, 504 B.R. 754, 761 (S.D.N.Y. 2014).

11          In light of Rule 8007(a)'s purpose, Appellants' stay application filed on August 13, 2015,

12   does not satisfy the presentation requirement.  As the bankruptcy docket reveals, Appellants filed

13   the motion on the same day of the hearing on the Trustee's motion to dismiss, which the

14   bankruptcy court ultimately granted.  But apparently aware that they would seek a stay of the

15   dismissal order pending appeal, Appellant's never actually obtained a ruling from the bankruptcy

16   court on their stay motion either after the dismissal order issued, before they filed the notice of

17   appeal, or before they brought the instant motion.  This court is therefore left without the benefit

18   of the bankruptcy court's opinion on the issue.  To be sure, it is that opinion containing the lower

19   court's exercise of discretion which matters to a court of review.  The fact that Appellant's made a

20   motion that was not ruled upon in unhelpful and cannot satisfy Rule 8007(a)'s requirement.

21          It is further apparent that Appellants have not provided a reason sufficient to excuse the

22   presentation requirement.  In this motion, they do not explain what action, if any, they took to

23   have the bankruptcy court rule on the stay motion.  Such an explanation is particularly necessary

24   here because this motion was not filed until two months after the one filed on August 13th.  Thus,

25   it appears that Appellants had time to undertake some effort at resolution of the stay issue before

26   the bankruptcy court before moving directly in this court.

27          In addition, Appellants have not persuasively stated why seeking a ruling from the

28
Case No.: <u>5:15-cv-04402-EJD</u>
ORDER DENYING APPELLANTS' MOTION TO STAY PENDING APPEAL

United States District Court
Northern District of California

bankruptcy court would have been impracticable.  It is not enough to simply observe that the bankruptcy court granted the dismissal without addressing the motion to stay, because it is not clear without citation to the record whether or not the bankruptcy court was made aware that the stay motion had been made.  Moreover, the dismissal order itself cannot be considered a reasoned resolution of their motion.  Notably, the motion to stay is not referenced in the bankruptcy court's written order.

It is evident on this record that the bankruptcy court was not permitted to determine whether a stay is appropriate in the first instance.  Rule 8007(a) requires the bankruptcy court be given that opportunity when doing so is not impracticable.  It was not impracticable here.  For that reason, this motion must be denied for failure to comply with the presentation requirement.

**B.    Failure to Demonstrate Likelihood of Success on the Merits**

The procedural shortcoming aside, this motion also fails on the merits because Appellants have not demonstrated they will likely succeed in this proceeding.

For a stay pending appeal, the "likelihood of success" element requires a bankruptcy debtor to establish "at a minimum, that she has a substantial case for relief on the merits."  Leiva-Perez v. Holder, 640 F.3d 962, 968 (9th Cir. 2011). "[I]t is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'"  Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting Nken, 556 U.S. at 434).

In order to prevail on this motion, the applicable legal standard requires Appellants to successfully show a "substantial case" for reversal of the dismissal order.[2]  Such a showing is not a simple exercise because the dismissal of a Chapter 13 case is reviewed for an abuse of discretion.  In re Nelson, 343 B.R. 671, 674 (B.A.P. 9th Cir. 2006).  "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact."  In re Ho, 274 B.R. 867, 871 (B.A.P. 9th Cir. 2002).

---

[2] Appellants also argue they will succeed in the separate appeal taken from the determination on Deutsche Bank's Proof of Claim.  That appeal, however, is not before this court and is not suitable for consideration for this motion.  Appellants may instead make their arguments to the BAP, which is the proper court to consider them.  See Fed. R. Bankr. P. 8007(b)(1).

Case No.: 5:15-cv-04402-EJD
ORDER DENYING APPELLANTS' MOTION TO STAY PENDING APPEAL

United States District Court
Northern District of California

Here, the bankruptcy court dismissed Appellants' Chapter 13 case pursuant to 11 U.S.C. § 1307(c) for failure to propose a confirmable plan and failure to make plan payments, all of which prejudiced creditors, and for failure to make post-petition mortgage payments.  Section 1307(c) establishes "a two-step analysis for dealing with questions of conversion and dismissal."  Nelson, 343 B.R. at 675.  "First, it must be determined that there is 'cause' to act."  Id.  "Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'"  Id. (quoting Ho, 274 B.R. at 877).

In the dismissal order, the bankruptcy court observed that Appellants were unable to propose a viable plan - having "filed a document that was an amended plan in title alone" - even after a continuance of the Trustee's motion to allow Appellants time to arrange one.  The bankruptcy court also noted that Appellants failed to comply with an order to make payments to the Trustee and to make mortgage payments to Deutsche Bank.  These reasons provide sufficient cause to dismiss a Chapter 13 case.  See 11 U.S.C. § 1307(c) (permitting the bankruptcy court to dismiss or convert a Chapter 13 case due to "unreasonable delay by the debtor that is prejudicial to creditors," "failure to file a plan timely," or "failure to commence making timely payments.").

Despite a claim of error, Appellants have not demonstrated that the bankruptcy court abused its discretion.  Appellants' contention that the bankruptcy court relied on incorrect facts is unsupported by citations to the record showing something other than what the bankruptcy court found.  Similarly, Appellants have not shown that the bankruptcy court misapprehended the law. Instead, Appellants submit that the bankruptcy court should have resolved other pending issues, such as its adversary proceeding against Deutsche Bank, or should not have required post-petition mortgage payments or allowed them time to obtain a loan modification before dismissing the Chapter 13 case.  But this argument is incomplete and fails in light of the deferential standard or review.  Appellants cite no authority which required the bankruptcy court to either withhold mortgage payments while Appellants challenged Deutsche Bank's Proof of Claim[3] or to hold the

---

[3] As noted, the BAP has already held that Appellants could not challenge Deutsche Bank's standing to enforce the note and deed of trust.  The court disagrees with Appellants' interpretation

Case No.: 5:15-cv-04402-EJD
ORDER DENYING APPELLANTS' MOTION TO STAY PENDING APPEAL

1  dismissal in abeyance while other issues were litigated or while they pursued a loan modification.

2  Appellants' preference for how their case should have been resolved does not translate into error

3  on the part of the court, and certainly does not meet their burden on a motion extraordinary relief.

4  Even if this court was inclined to resolve the issue differently, it cannot substitute its judgment for

5  that of bankruptcy court.  United States v. Roston, 986 F.2d 1287, 1291 (9th Cir. 1993).

6       In sum, the court concludes that Appellants have failed to demonstrate they will succeed

7  on the merits of this appeal.  As such, they are not entitled to a stay of the dismissal order during

8  the pendency of this proceeding.

9  **IV.    ORDER**

10       Appellants' motion for a stay pending appeal (Docket Item No. 3) is DENIED.

11

12       **IT IS SO ORDERED.**

13  Dated:  November 9, 2015

14  

15  EDWARD J. DAVILA
   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

of the BAP's opinion to the extent they believe otherwise.

Case No.: 5:15-cv-04402-EJD
ORDER DENYING APPELLANTS' MOTION TO STAY PENDING APPEAL