UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTON A. RIVERA and DENISE A. RIVERA,<br><br>Debtors/Appellants.<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF CERTIFICATE-HOLDERS OF THE WAMU MORTGAGE PASS THROUOGH CERTIFICATE SERIES 2005-AR6,<br><br>Appellee. | Case No. 5:15-cv-04402-EJD<br><br>**ORDER AFFIRMING BANKRUPTCY COURT ORDER DISMISSING DEBTORS' CHAPTER 13 BANKRUPTCY**<br><br>DOCKET NOS. 24, 25 |

## I. INTRODUCTION

Appellants Anton A. Rivera and Denise A. Rivera ("Appellants") appeal from a Bankruptcy Court order dismissing their chapter 13 bankruptcy pursuant to 11 U.S.C. §1307(c). Claimant Deutsche Bank National Trust Company, as trustee of certificate-holders of the WaMu Mortgage Pass Through Certificate Series 2005-AR6 ("Deutsche Bank"), has filed an answering brief, asserting that the dismissal was proper and should be affirmed. For the reasons set forth below, the Court affirms the decision of the bankruptcy court dismissing Appellants' chapter 13 bankruptcy.

1

Case No.: 5:15-cv-04402-EJD
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING DEBTORS' BANKRUPTCY

## II. BACKGROUND

In 2004, Appellants obtained a mortgage on their home located at 1689 Taylor Road, Bethel Island, California (the "property"). Appellants executed a noted with Washington Mutual Bank, FA., in the principle amount of $440,000 (the "loan"). The loan was later assigned to the WaMu Mortgage Pass Through Certificates Series 2005-AR6 investment trust (the "trust"), and Deutsche Bank was appointed trustee of the trust to, among other things, manage payments by the servicers of the loans assigned to the trust. JP Morgan Chase Bank, N.A. ("Chase") serviced the loan on behalf of Deutsche Bank. Appellants' last payment to Chase and Deutsche Bank on the loan was made in December of 2009.

Appellants filed for protection under Chapter 13 of the Bankruptcy Code on December 7, 2012. Deutsche Bank filed a timely Proof of Claim as the noteholder of Appellants' mortgage, asserting a secured claim in the amount of $532,272.10 and arrearages in the amount of $106,389.03.[1] Appellants subsequently filed an objection to Deutsche Bank's Proof of Claim.

In January of 2013, Appellants initiated an adversary proceeding against Deutsche Bank challenging its standing to file a Proof of Claim and to enforce the note and deed of trust. In July of 2013, the Bankruptcy Court held an initial hearing on Appellants' objection to Deutsche Bank's Proof of Claim, and continued the matter several times to allow for additional briefing, and for other reasons not relevant to this appeal.

On December 10, 2013, the Bankruptcy Court dismissed Appellants' adversary proceeding with prejudice. The Bankruptcy Appellate Panel ("BAP") reversed the dismissal in part, and remanded the case to the Bankruptcy Court for further proceedings.[2] Specifically, the BAP affirmed the dismissal of claims challenging Deutsche Bank's right to proceed with a non-judicial foreclosure sale against Appellants' property based on the note and deed of trust, returning to the

---

[1] Deutsche Bank's Answering Brief states that the arrearages totaled $108,389.03. Answering Brief, p. 3.
[2] See In re Rivera, No. NC-13-1615-KuPaJu, 2014 Bankr. LEXIS 4842, 2014 WL 6675693 (B.A.P. 9th Cir. Nov. 24, 2014).

2

Case No.: 5:15-cv-04402-EJD
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING DEBTORS' BANKRUPTCY

Bankruptcy Court only those claims related to Deutsche Bank's standing to file a claim in Appellants' bankruptcy.

After remand, the Bankruptcy Court scheduled a trial on the Appellants' objection to Deutsch Bank's Proof of Claim. Deutsche Bank's trial brief addressed both the standing issue and the calculation for the Bank's Proof of Claim. Appellants, however, filed a motion to exclude any evidence on the issue of standing, asserting that the issue should be addressed separately in the context of the adversary proceedings. At the trial held on February 25, 2015, the Bankruptcy Court offered the parties the opportunity to address the standing issue, but Appellants declined. On March 30, 2015, the Bankruptcy Court established Deutsche Bank's claim in the amount of $532,272.10, subject to further determinations as to the disputed validity of the claim. On appeal, the BAP affirmed the March 30, 2015 order.

While the March 30, 2015 order was on appeal to the BAP, the trustee made a motion to dismiss the chapter 13 case pursuant to 11 U.S.C. §1307(c), asserting that the Appellants had been litigating the Deutsche Bank Proof of Claim for over twenty-six months, during which none of the creditors had been paid. The trustee also asserted that Appellants could not propose a plan capable of confirmation that would pay Deutsche Bank and other priority creditors in full over the remaining thirty-two months. Deutsche Bank joined the trustee's motion.

On June 4, 2015, the Bankruptcy Court heard argument on the trustee's motion, and thereafter ordered Appellants to file an amended plan by July 8, 2015, scheduled a confirmation hearing for July 23, 2015, and continued the trustee's motion to dismiss to the same date.

On July 8, 2015, Appellants filed a document captioned "Debtors 4th Amended Chapter 13 Plan," in which Appellants asserted, among other things, that it was impossible to provide an amended plan because of certain errors in the trustee's "Final Report" and the ongoing legal issues regarding the validity and amount of Deutsche Bank's Proof of Claim. In response, the trustee submitted a Declaration and Request for Dismissal, and Deutsche Bank filed an objection to Appellants' purported plan.

After conducting a hearing on the trustee's motion to dismiss, the Bankruptcy Court issued an order on July 27, 2015, directing Appellants to tender ongoing monthly payments to Deutsche Bank in the amount of $2,670. The Bankruptcy Court advised that in the event Appellants failed to make the monthly payments, Deutsche Bank may lodge an order granting the trustee's motion to dismiss.

The Appellants failed to make the first payment. Instead, Appellants filed a motion for relief from the July 27, 2015 order in which they acknowledged that they could not make the payments ordered by the Bankruptcy Court.

On August 13, 2015, the Bankruptcy Court held a hearing on the trustee's motion to dismiss the Appellants' bankruptcy. At the conclusion of the hearing, the Bankruptcy Court stated: "This case is not currently proceeding towards a reorganization. It's been pending for approximately two and a half years with no sign of confirmation at this time. The debtors have effectively stated that they can't reorganize if required to make ongoing payments. I find that dismissal is appropriate at this time." See Appellee's Supplemental Excerpts of Record, p. 400. A written order granting the motion to dismiss was filed the next day. In the written order, the Bankruptcy Court stated that Appellants had not complied with the Court's order requiring submission of a confirmable plan by July 8, 2015. Further, the Bankruptcy Court order stated, in pertinent part:

> The court ordered Debtors to propose a confirmable plan by July 8, 2015 for a confirmation hearing on July 23, 2015. The hearing on the Trustee's motion to dismiss was continued to the same date. On July 8, Debtors filed a document that was an amended plan in title alone. As such, the confirmation hearing did not go forward. At the continued hearing on the Trustee's motion, the court ordered Debtors [to] continue making payments to the Chapter 13 Trustee in the amount proposed by Debtors and to make post-petition mortgage payments to Deutsche Bank beginning on August 1, 2015 [footnote omitted], and providing that the case would be dismissed if such payments were not made.
>
> On August 13, 2015, Deutsche Bank's counsel filed a declaration stating that Debtors had not tendered the monthly payment as required. A continued hearing on the motion to dismiss was held later that day. . . . At the continued hearing, debtors admitted that the payments were not made.

4
Case No.: 5:15-cv-04402-EJD
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING DEBTORS' BANKRUPTCY

For the reasons set forth more fully on the record, it is hereby ORDERED that

(1) The above-captioned Chapter 13 case is dismissed.

Appellee's Supplemental Excerpts of Record, pp. 374-376. Appellants now appeal the Bankruptcy Court's order of dismissal. In November of 2015, Appellants filed a new state court action against Deutsche Bank and Chase seeking to enjoin the foreclosure of the property. The foreclosure sale, however, went forward.

### III.  LEGAL STANDARDS

The dismissal of a Chapter 13 case is reviewed for an abuse of discretion. In re Schlegel, 526 B.R. 333, 338 (B.A.P. 9th Cir. 2015); see also In re Nelson, 343 B.R. 671, 674 (B.A.P. 9th Cir. 2006). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." In re Ho, 274 B.R. 867, 871 (B.A.P. 9th Cir. 2002). A district court may affirm an order of a bankruptcy court on any ground supported by the record. Thrifty Oil Co. v. Bank of Am., Nat'l Trust and Sav. Ass'n, 332 F.3d 1039, 1046 (9th Cir. 2003).

### IV.  DISCUSSION

In ruling on Appellants' motion to stay pending appeal, this Court concluded that Appellants failed to demonstrate likelihood of success on the merits because the Bankruptcy Court's stated reasons for dismissal, namely Appellants' inability to propose a viable plan and failure to comply with an order to make payments to the trustee and to make mortgage payments to Deutsche Bank, provided sufficient cause to dismiss Appellants' bankruptcy pursuant to 11 U.S.C. §1307(c). It is well settled that a debtor's failure to make post-petition mortgage payments constitutes "cause" under section 1307(c) for dismissal of a chapter 13 case or for conversion to chapter 7. See e.g. De La Salle v. U.S. Bank, N.A., 461 B.R. 593, 606 (B.A.P. 9th Cir. 2011) (affirming order converting case under §1307(c) because debtors ignored bankruptcy court's instruction to include post-petition mortgage payments for their secured creditors in their amended

plan and chose not to file a third amended plan); Schnall v. Fitzgerald (In re Schnall), 2012 WL 1888144 at *7 (B.A.P. 9th Cir. 2012) (affirming dismissal of chapter 13 case under §1307(c) as debtor's plan was not confirmable because, among other things, it did not provide for monthly payment or for arrearages to be cured within a reasonable time).

Appellants now raise several arguments challenging the dismissal, many of which were either not raised during the bankruptcy proceedings or have no relevance to the Bankruptcy Court's stated reasons for dismissal of Appellants' bankruptcy. For instance, Appellants contend that dismissal was premature because they were not given an opportunity to propose a new or modified plan following the denial of a plan confirmation. Id. at p.7. Appellants, however, did not raise this argument during the bankruptcy proceedings, and therefore are precluded from making the argument in this appeal. See e.g. In re S&B Surgery Center LFMG-S & B v. Fortress Credit Corp., 2014 WL 10755272, *5 (C.D. Cal. 2014) (in general, issue not presented to the trial court cannot be raised for the first time on appeal), citing United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir. 1991) and Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) ("Arguments not asserted in the trial court are waived and will not be considered for the first time on appeal.").

Appellants also contend that the Bankruptcy Court should not have dismissed the chapter 13 case because any delay in the proceedings resulted from errors committed by the Bankruptcy Court, the reversal and remand by the BAP to the Bankruptcy Court, and the failure of Appellee to comply with the Bankruptcy Court's directive to submit an accounting. Appellants' Opening Brief, pp. 6, 9. Appellants also contend that dismissal was improper because there was no evidence to show that the delay in filing a plan was prejudicial to a creditor[3], nor evidence of any bad faith by Appellants. Id. at 8. The Bankruptcy Court, however, did not dismiss Appellants' bankruptcy because of delays or bad faith. Instead, the Bankruptcy Court's dismissal order was based on Appellants' admitted inability to submit a confirmable plan and Appellants' failure to

---

[3] Appellants contend that the purported delays actually benefited Deutsche Bank because the value of the Appellants' real property eventually exceeded the amount of Appellants' mortgage. Appellants' Reply Brief, pp. 3-4.

6
Case No.: 5:15-cv-04402-EJD
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING DEBTORS' BANKRUPTCY

make post-petition payments.

Appellants next argue that dismissal was premature because the BAP remanded the issue of standing, and the Bankruptcy Court never addressed the issue. Id. at pp. 6, 10. The BAP remand order, however, did not include any express or implied directive to decide the standing issue before Defendants' bankruptcy could be dismissed. Furthermore, Appellants' argument is contrary to established precedent. See e.g. De la Salle, 461 B.R. at 602-03 (no merit to debtor's contention that they were prejudice by the conversion of their case prior to the resolution of an objection to a creditor's proof of claim); Schnall, 2012 WL 1888144 *6 ("Schnall's desire to litigate Deutsche's or BAC's 'standing' did not excuse his obligation to make any payments to Trustee on account of the secured loans, or to propose a plan providing for any payments on the secured loans."); In re Tornheim, 239 B.R. 677, 687 (Bankr. E.D.N.Y. 1999) (notwithstanding debtor's repeated assertion that he does not know who holds the mortgage or how much to pay, debtor must make mortgage payments until the mortgage is actually modified). Furthermore, Appellants filed a motion in limine to exclude evidence regarding standing, and later at the commencement of the February 25, 2015 trial, the Bankruptcy Court offered the parties the opportunity to address the standing issue, but Appellants declined. Therefore, Appellants cannot claim in good faith that the standing issue should have been resolved before dismissal.

Lastly, Appellants also contend that it was improper for the Bankruptcy Court to dismiss the chapter 13 case based upon Appellants' failure to make payments because the trustee's motion to dismiss was predicated solely upon a failure to propose a plan capable of confirmation, and not a failure to make payments. Appellants contend that they were not given fair warning of the potential for dismissal on grounds not asserted in the trustee's motion. Appellants' argument is baseless. The Bankruptcy Court's July 27, 2015 order clearly put Appellants on notice of the potential for dismissal for failure to make the ordered payment.[4]

---

[4] In light of the foregoing analysis, it is unnecessary to consider Deutsche Bank's argument that the appeal is moot due to the foreclosure sale.

7
Case No.: 5:15-cv-04402-EJD
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING DEBTORS' BANKRUPTCY

## V. CONCLUSION

For the reasons set forth above, the Bankruptcy Court's order dismissing Appellants' chapter 13 bankruptcy is AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 15, 2017

EDWARD J. DAVILA
United States District Judge